1

2

3

4

5

6

7                         UNITED STATES DISTRICT COURT

8                    FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10    ALLEN C. HASSAN,                          No.  2:19-cv-02521 MCE AC PS

11                   Plaintiff,

12          v.                                  FINDINGS AND RECOMMENDATIONS

13    CALIFORNIA MEDICAL BOARD, et al.,

14                   Defendants.

15

16          Plaintiff is proceeding in this matter pro se.  Pre-trial proceedings were accordingly

17   referred to the undersigned pursuant to Local Rule 302(c)(21).  Id.  Pending before the court are

18   two motions to dismiss plaintiff's operative Third Amended Complaint: (1) a motion by

19   defendants Medical Board of California, Susan F. Friedman, Dev Gnandev, Randy W. Hawkins,

20   Howard R. Krauss, Ronald Lewis, Laurie Rose Lubiano, Asif Mahmood, Denise Pines, David

21   Warmoth, Eserik Watkins, and Felix C. Yip (collectively "MBC defendants"), ECF No. 38; and

22   (2)  a motion by defendant UC San Diego PACE Program, ECF No. 40-1.[1]  Plaintiff has opposed

23

24   _____

     [1]  Defendants the Regents of the University of California and its employees or former employees
25   Martin Shulman, M.D., David Bazzo, M.D. and William Norcross, M.D., were not added as
     parties to the case until plaintiff filed his Second Amended Complaint.  However, because the
26   SAC was not properly filed, the Court did not issue a Summons to these four defendants at that
     time.  The court did not issue a Summons to these four defendants until after plaintiff filed his
27   TAC.  ECF No. 32.  This Summons has not yet been served.  Thus, the Motion to Dismiss is filed
     only on behalf of PACE.  Defendant Kimberly Kirchmeyer also does not appear to have been
28   served and is not party to any of the pending motions.

                                                1

1   only the motion brought by the PACE program.  ECF No. 42.  The PACE program replied.  ECF

2   No. 43.  The matter was heard before the undersigned on July 7, 2021, with all parties appearing

3   remotely.  ECF No. 44.  At the hearing, plaintiff confirmed that he does not oppose the motion

4   brought by the MBC defendants.  For the reasons that follow, the undersigned recommends that

5   both motions be GRANTED and that this case be DISMISSED in its entirety because plaintiff's

6   only federal claims are time-barred.

7                                         **I.  BACKGROUND**

8            A.      The Operative Complaint

9            Plaintiff filed his Third Amended Complaint ("TAC") on April 4, 2021.  ECF No. 31.

10  Plaintiff sues the California Medical Board ("MBC"), multiple individual members of the

11  California Medical Board, The Regents of the University of California, the UC San Diego PACE

12  Program, and professors associated with the UCSD PACE Program.  ECF No. 31 at 2-4.  The

13  TAC alleges in relevant part as follows.

14           Plaintiff was a licensed physician in the state of California from 1966 through December

15  16, 2016.  Id. at 4.  In November of 2014, plaintiff entered an agreement with the Medical Board

16  which required him to take and complete a Prescribing Course and course equivalent to PACE.[2]

17  Id. at 4-5.  Plaintiff completed the program, and PACE program evaluators ranked his

18  performance as "Successful to Superior."  Id. at 5.  Though the objective numeric scoring placed

19  plaintiff well within the range of PACE's performance standard, PACE reported to the Medical

20  Board that plaintiff's performance was equivalent to a "fail."  Id. at 6.  The MBC held a contested

21  administrative hearing to revoke plaintiff's probation on September 26 and 27 of 2016, with Dr.

22  William Norcross serving as the primary witness.  Id.  Dr. Norcross testified that plaintiff failed to

23  pass the PACE program, testifying to incorrect numbers.  Id.  The ALJ, applying the incorrect

24  legal standard and using incorrect scoring information regarding the PACE program, revoked

25  plaintiff's license to practice medicine and published the decision on the Medical Board's

26  website.  Id. at 9.

27  _____

28  [2]  The PACE (Physician Assessment and Clinical Education) program is an assessment and
    remediation program for physicians, offered by the UC San Diego School of Medicine.

Plaintiff's TAC presents five putative causes of action: (1) 42 U.S.C. § 1983 and §1981, Racial Discrimination in violation of the Equal Protection Clause of the Fourteenth Amendment (2) 42 U.S.C. § 1983, Retaliation in Violation of the First Amendment; (3) 42 U.S.C. § 1983 Malicious Prosecution in violation of the Fourth and Fourteenth Amendment; (4) 42 U.S.C. § 1983 and §1981, Deliberately Indifferent Policies, Practices, Customs, Training, and Supervision in violation of the Forth, Fourteenth, and First Amendments; and (5) Fraud. Id. at 11-23.

B. Motions to Dismiss

The MBC defendants move to dismiss the TAC in its entirety, arguing that (1) the § 1983 claims are time-barred, (2) the MBC defendants are immune from plaintiff's claims, (3) the TAC is conclusory and fails to state a cognizable claim, and (4) the state law fraud claim fails for want of particularity. ECF No. 38-1. With respect to the timeliness of the federal claims, the MBC defendants anticipate the issue of equitable tolling and state that plaintiff brought a writ of mandamus petition before filing his federal case. Id. at 11-12. The writ petition is not mentioned in the TAC. See ECF No. 31 at 1-8. The MBC defendants argue that the writ petition did not stop the statute of limitations from running because the petition itself was untimely by over a year, therefore depriving the MBC defendants of timely notice of plaintiff's claims. ECF No. 38-1 at 12. The MBC motion is unopposed.

The PACE motion also contends that plaintiff's § 1983 and fraud claims are time-barred and asserts immunity from suit. ECF No. 40-1 at 5-8. Plaintiff argues the PACE motion should be rejected because it is untimely, and he substantively disputes the asserted grounds for dismissal. ECF No. 42. As a preliminary matter, the PACE motion will not be rejected for untimeliness. The MBC defendants were specifically granted an extension of time until June 8, 2021 to file an opposition to plaintiff's TAC. ECF No. 36. The MBC defendants filed their motion on that date. ECF No. 38. PACE filed its motion on June 9, 2021, to be considered together with the MBC motion. ECF No. 40. Plaintiff had an opportunity to oppose the PACE motion substantively, and he did so. ECF No. 42. In the interest of justice, both motions to dismiss will be considered on the merits. Moreover, as discussed below, the MBC motion is dispositive of the entire case against all defendants.

3

## II.  ANALYSIS

A.  Legal Standards

"The purpose of a motion to dismiss pursuant to Rule 12(b)(6) [of the Federal Rules of Civil Procedure] is to test the legal sufficiency of the complaint."  N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983).  "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."  Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1990).

In order to survive dismissal for failure to state a claim, a complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  It is insufficient for the pleading to contain a statement of facts that "merely creates a suspicion" that the pleader might have a legally cognizable right of action.  Id. (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-35 (3d ed. 2004)).  Rather, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.

In reviewing a complaint under this standard, the court "must accept as true all of the factual allegations contained in the complaint," construe those allegations in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007); Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 131 S. Ct. 3055 (2011); Hebbe v. Pliler, 627 F.3d 338, 340 (9th Cir. 2010).  However, the court need not accept as true legal conclusions cast in the form of factual allegations, or allegations that contradict matters properly subject to judicial notice.  See Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981); Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir.), as amended, 275 F.3d 1187 (2001).  The court may also consider facts which may be judicially noticed, Mullis v. United States Bankruptcy Ct., 828 F.2d

1385, 1388 (9th Cir. 1987), and matters of public record, including pleadings, orders, and other papers filed with the court, <u>Mack v. South Bay Beer Distributors</u>, 798 F.2d 1279, 1282 (9th Cir. 1986). Facts subject to judicial notice may be considered by a court on a motion to dismiss.

Pro se pleadings are held to a less stringent standard than those drafted by lawyers. <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972).  Pro se complaints are construed liberally and may only be dismissed if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.  <u>Nordstrom v. Ryan</u>, 762 F.3d 903, 908 (9th Cir. 2014).  The court's liberal interpretation of a pro se complaint, however, may not supply essential elements of the claim that were not pled.  <u>Ivey v. Bd. of Regents of Univ. of Alaska</u>, 673 F.2d 266, 268 (9th Cir. 1982); <u>see also</u> <u>Pena v. Gardner</u>, 976 F.2d 469, 471 (9th Cir. 1992).  A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment.  <u>See</u> <u>Noll v. Carlson</u>, 809 F.2d 1446, 1448 (9th Cir. 1987).

When the facts and dates alleged in a complaint indicate that a claim is barred by the applicable statute of limitations, untimeliness may be asserted on a motion under Rule 12(b)(6). A time-barred complaint fails to state a claim upon which relief may be granted.  <u>Von Saher</u>, 592 F.2d at 969.

B. <u>Plaintiff's Federal Claims Are Time Barred</u>

1. <u>Applicable Statute of Limitations</u>

Plaintiff's claims fall into two categories: (1) claims brought pursuant to 42 U.S.C. § 1983,[3] and (2) a state law fraud claim.  Because § 1983 contains no specific statute of limitations, federal courts borrow state statutes of limitations for personal injury actions.  <u>See</u> <u>Wallace v. Kato</u>, 549 U.S. 384, 387 (2007).  In California the applicable statute is two years.  Cal. Civ. Proc. Code § 335.1; <u>see also</u> <u>Canatella v. Van De Kamp</u>, 486 F.3d 1128, 1132–33 (9th Cir. 2007);

---

[3]  Though plaintiff also references § 1981, the Supreme Court has held that that § 1983 "provides the exclusive federal damages remedy for the violation of the rights guaranteed by § 1981 when the claim is pressed against a state actor." <u>Jett v. Dallas Indep. Sch. Dist.</u>, 491 U.S. 701, 735 (1989).  Here, the California Medical Board is a state agency and PACE is a program of the University of California: all defendants are state actors.

Jones v. Blanas, 393 F.3d 918, 927 (9th Cir. 2004).  "Federal courts also apply a forum state's law regarding tolling, including equitable tolling when not inconsistent with federal law."  Fink v. Shedler, 192 F.3d 911, 914 (9th Cir.1999), as amended on denial of reh'g and reh'g en banc (Dec. 13, 1999).  However, "[w]hile state law determines the period of limitations, federal law determines when a cause of action accrues."  Cline v. Brusett, 661 F.2d 108, 110 (9th Cir.1981).  A cause of action accrues under federal law when the plaintiff knows or should have known of the injury.  Canatella, 486 F.3d at 1133.

### 2.  Absent Tolling, Plaintiff's Claims are Untimely

Plaintiff knew or should have known of his injury no later than December 16, 2016, when the Medical Board revoked his license to practice medicine based on the ALJ's recommendation. All of the various defendants' alleged misdeeds had occurred by that time, and their adverse consequences for plaintiff were fully realized when his professional license was revoked. Accordingly, plaintiff's various § 1983 claims related to the license revocation, or arising from underlying events, can have accrued no later than December 16, 2016.  The complaint in this case was filed on December 16, 2019, exactly three years after accrual.  The complaint was thus filed one year after the limitations period had expired.  Absent tolling, the complaint is time-barred.

### 3.  Plaintiff is Not Entitled to Equitable Tolling

California provides equitable tolling for the limited purpose of accommodating the timely pursuit of alternative remedies.  "The equitable tolling of statutes of limitations is a judicially created, nonstatutory doctrine . . designed to prevent unjust and technical forfeitures of the right to a trial on the merits when the purpose of the statute of limitations — timely notice to the defendant of the plaintiff's claims — has been satisfied."  McDonald v. Antelope Valley Cmty. Coll. Dist., 45 Cal. 4th 88, 99, (2008) (internal citations omitted).  "A plaintiff's pursuit of a remedy in another forum equitably tolls the limitations period if the plaintiff's actions satisfy these factors: 1) timely notice to the defendants in filing the first claim; 2) lack of prejudice to the defendants in gathering evidence for the second claim; and 3) good faith and reasonable conduct in filing the second claim."  Cervantes v. City of San Diego, 5 F.3d 1273, 1275 (9th Cir. 1993). With respect to the "whether a plaintiff provided timely notice, courts focus on whether the

1   party's actions caused the defendant to be fully notified within the statute of limitations of

2   plaintiffs' claims and their intent to litigate."  <u>Saint Francis Mem'l Hosp. v. State Dep't of Pub.</u>

3   <u>Health</u>, 9 Cal. 5th 710, 726 (2020).  With respect to the third element, the Supreme Court of

4   California held it "encompass two distinct requirements: A plaintiff's conduct must be objectively

5   reasonable and subjectively in good faith."  <u>Id.</u> at 729.  Whether a plaintiff acted "reasonably" is

6   an objective question; the focus is "not on a party's intentions or the motives behind a party's

7   actions, but instead on whether that party's actions were fair, proper, and sensible in light of the

8   circumstances."  <u>Id.</u>  Good faith, in contrast, depends on a party's subjective intentions.  <u>Id.</u>

9         Plaintiff argues that the limitations period for his § 1983 claims was equitably tolled

10   because he filed a writ of mandamus on May 25, 2018, challenging the California Medical

11   Board's adoption of the ALJ decision; the writ was ultimately denied on February 18, 2020.  ECF

12   No. 42 at 7-8.  Anticipating this argument, the MBC defendants accompanied their motion with a

13   request for judicial notice of: (A) the Medical Board's 2016 decision; (B) plaintiff's petition for

14   writ of mandamus filed with the Sacramento County Superior Court; (C) the Superior Court's

15   notice of entry of judgment against plaintiff dated May 24, 2019; (D) a copy of the Superior

16   Court docket; and (E) a copy of the California Court of Appeal's website search demonstrating

17   plaintiff did not appeal the Superior Court's decision. ECF No. 19.[4]  The court may take notice of

18   facts that are capable of accurate and ready determination by resort to sources whose accuracy

19   cannot reasonably be questioned, including matters of public record outside the pleadings.  Fed.

20   R. Evid. 201(b); <u>Indemnity Corp. v. Weisman</u>, 803 F.2d 500, 504 (9th Cir. 1986).  The court

21   accordingly takes judicial notice of Exhibits A-D as matters of public record.

22         Plaintiff's pursuit of a mandamus remedy does not support equitable tolling under

23   California law.  First, the writ petition was dismissed for untimeliness.  The Superior Court order

24   explains that the "petition was filed on May 25, 2018 – over 17 months after the Board's decision

25   became effective," and far exceeding the applicable 30-day limitation period to file.  ECF No. 19-

26   3 at 4-5.  The untimely pursuit of an alternative remedy does not easily square with the

27

28   _____

[4]  PACE joined the MBC's arguments, and relies on the same records.

1    requirement of timely notice to defendants.  But even if the notice requirement is assumed to be

2    satisfied, on the theory that the untimely mandamus action nonetheless provided notice of

3    plaintiff's claims within the limitations period for bringing a §1983 suit, the second two

4    requirements for tolling are not satisfied.

5            As to the second requirement, lack of prejudice to defendants, there is no indication that

6    the writ petition and this federal case are so similar that defendant would not be prejudiced in

7    evidence collection for this untimely federal lawsuit.  Indeed, because the first action was

8    dismissed on untimeliness grounds, there was no development of an evidentiary record.

9    Accordingly, defendants would need to start gathering evidence from scratch on this stale claim if

10   the case were to proceed.

11           Third and finally, plaintiff cannot show that he acted reasonably in failing to file his

12   federal claims within the limitations period.  Plaintiff, who until recently was a licensed attorney

13   in this state,[5] can fairly be expected to understand, calculate, and comply with statutes of

14   limitation and with the rules applicable to mandamus.  However, he filed both the mandamus

15   action and the lawsuit a year or more after their respective deadlines.  There is nothing reasonable

16   about delaying the filing of a lawsuit beyond the applicable limitations period due to the

17   pendency of a mandamus petition that was itself quite obviously untimely.  Moreover, even if

18   equitable tolling could be supported by a sincere though unreasonable belief that the mandamus

19   petition was procedurally proper and that the lawsuit could not be filed until it was resolved – and

20   California law provides no such thing  – plaintiff commenced this action *before* there was a ruling

21   in the mandamus matter.  See ECF No. 19-4 (judgment entered February 18, 2020).  Plaintiff

22   clearly was not waiting for a ruling on his mandamus petition to file his §1983 claims.  It was

23   objectively unreasonable for plaintiff to file an untimely writ petition and then months later, while

24   that petition was still pending, file an untimely federal lawsuit.  The court need not reach the issue

25   of plaintiff's subjective good faith; regardless of his subjective intentions, plaintiff's objectively

26   unreasonable course of conduct precludes tolling.

27

28   _____

[5]  As the docket reflects, plaintiff has been suspended from the practice of law.

1    At hearing, plaintiff argued that equitable tolling nonetheless saves his claims because

2    equitable means being "fair minded in all circumstances."  This court lacks authority to grant

3    equitable tolling except in the circumstances specified by the California courts.  The

4    circumstances of this case do not qualify for equitable relief from the statute of limitations, for the

5    reasons already explained.  In broadly arguing the equities, plaintiff emphasized the merits of his

6    claims and the value of the good works that he has done as a doctor, including extensive

7    humanitarian efforts.  Unfortunately for plaintiff, evaluation of a lawsuit's timeliness is

8    independent of the merits of the case or the character of the litigants.  As the California Supreme

9    Court has acknowledged:

10   > [A] statute of limitations. . . operates conclusively across-the-board.
     > It does so with respect to all causes of action, both those that do not
11   > have merit and also those that do. That it may bar meritorious causes
     > of action as well as unmeritorious ones is the price of the orderly and
12   > timely processing of litigation — a price that may be high, but one
     > that must nevertheless be paid.
13

14   Norgart v. Upjohn, 21 Cal. 4th 383, 410 (1999) (internal quotation marks and citations omitted).

15       C.  The Court Need Not Determine the Timeliness or Sufficiency of the Fraud Claim

16   Plaintiff's state law fraud claim is governed by a three-year statute of limitations, and the

17   claim does not accrue "until the discovery, by the aggrieved party, of the facts constituting the

18   fraud or mistake."  Cal. Civ. Proc. Code § 338(d); Samuels v. Mix, 22 Cal. 4th 1, 14 (1999).

19   Here the parties dispute the accrual date and the running of the statute.  The MBC defendants also

20   contend that the claim is not pled with sufficient particularity.  These issues need not be reached,

21   however.

22   This court's jurisdiction is predicated on plaintiff's federal claims, all of which are time-

23   barred.  Because plaintiff has failed to state a cognizable claim for relief under federal law, the

24   court should decline to exercise supplemental jurisdiction over plaintiff's putative state law fraud

25   claim.  Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 (1988) (when federal claims are

26   eliminated before trial, district courts should usually decline to exercise supplemental

27   jurisdiction).

28   ////

1    D.  <u>No Leave to Amend</u>

2    Plaintiff's complaint is fatally flawed because it does not present a timely federal cause of

3  action.  No amendment can remedy this defect.  Though a pro se plaintiff is generally entitled to

4  an opportunity to correct defects in a complaint by amendment, that step is not appropriate where,

5  as here, the defects cannot be cured.  <u>Noll</u>, 809 F.2d at 1448.

6                                **III.  CONCLUSION**

7    Accordingly, the undersigned recommends as follows:

8    1.  That the motions to dismiss at ECF Nos. 38 at 40 be GRANTED; and

9    2.  That the operative Third Amended Complaint (ECF No. 31) be DISMISSED in its

10        entirety for the reasons set forth above, and the case be closed.

11    These findings and recommendations are submitted to the United States District Judge

12  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within twenty-one days

13  after being served with these findings and recommendations, any party may file written

14  objections with the court and serve a copy on all parties.  <u>Id.</u>; <u>see also</u> Local Rule 304(b).  Such a

15  document should be captioned "Objections to Magistrate Judge's Findings and

16  Recommendations."  Failure to file objections within the specified time may waive the right to

17  appeal the District Court's order.  <u>Turner v. Duncan</u>, 158 F.3d 449, 455 (9th Cir. 1998); <u>Martinez</u>

18  <u>v. Ylst</u>, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

19  DATED: July 19, 2021

20  

21  ALLISON CLAIRE
    UNITED STATES MAGISTRATE JUDGE

10